UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMBER R.,<br><br>        Plaintiff,<br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | CASE NO. 3:24-cv-06050-TL<br><br>ORDER ON SOCIAL SECURITY APPEAL |

Plaintiff Amber R. seeks review of the denial of her application for social security benefits. This matter is before the Court on Plaintiff's Complaint for Judicial Review of Social Security Benefits. Dkt. No. 3. Plaintiff contends the Administrative Law Judge ("ALJ") erred in denying her application for Social Security disability benefits. *Id.* at 1. For the reasons discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

ORDER ON SOCIAL SECURITY APPEAL - 1

# I. BACKGROUND

Plaintiff is 46 years old (Dkt. No. 6-5[1] at 2 (Application Summary for Disability Insurance Benefits)), has at least a high school education (Dkt. No. 6-2 at 60 (Second Hearing Transcript)), and has worked in a variety of positions including in medical intake, as a receptionist, and doing outreach with homeless populations (*see id.* at 60–63). On October 15, 2021, Plaintiff applied for social security benefits, alleging disability as of May 24, 2021. Dkt. No. 6-2 at 18 (Administrative Decision). Plaintiff's application was initially denied on August 3, 2022 (Dkt. No. 6-4 at 4 (Notice of Decision)), and upon reconsideration on December 5, 2022 (Dkt. No. 6-4 at 11 (Notice of Reconsideration Decision)). On October 3, 2023, an ALJ held a hearing at which Plaintiff appeared pro se and at which the ALJ granted Plaintiff a one-time postponement to give Plaintiff time to obtain counsel. Dkt. No. 6-2 at 46, 50 (First Hearing Transcript). On February 6, 2024, the ALJ held a second hearing, at which Plaintiff was represented by counsel. Dkt. No. 6-2 at 54 (Second Hearing Transcript).

On May 29, 2024, the ALJ issued a decision finding Plaintiff not disabled. Dkt. No. 6-2 at 15. Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since October 15, 2021. *Id.* at 20.

**Step two:** Plaintiff has the following severe impairments: spine abnormalities; migraine; fibromyalgia; osteoarthrosis; peripheral neuropathy; cardiac dysrhythmia; Chiari malformation; seizure disorder; respiratory system abnormality; bipolar disorder; posttraumatic stress disorder (PTSD); and depressive disorder. *Id.*

**Step three:** These impairments do not meet or equal the requirements of a listed impairment. *Id.* at 21.

**Residual Functional Capacity:** Plaintiff can perform light work with the following additional limitations: frequently climb ramps and stairs; never climb ladders, ropes, or

---

[1] Dkt. Nos. 6-1 through 6-15 comprise the Social Security Certified Administrative Record.

[2] *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920.

scaffolds; frequently balance and crawl; frequently reach overhead; occasional exposure to extreme cold, heat, humidity, and vibrations; no exposure to hazards such as unprotected heights and dangerous machinery; occasional exposure to concentrated fumes, odors, dusts, gases, and poor ventilation; able to understand, remember, and carry out simple work; working in approximately two-hour intervals with standard work breaks provided; occasional, superficial interaction with the public; frequent interaction with co-workers and supervisors; occasional, normal, and routine workplace changes; and with work goals set by the employer. *Id.* at 23–24.

**Step four:** Plaintiff cannot perform past relevant work. *Id.* at 34–35.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled. *Id.* at 35–36.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Dkt. No. 6-2 at 2 (Notice of Appeals Council Action). Plaintiff filed her opening brief on March 24, 2025 (Dkt. No. 8), and the Commissioner filed a response on April 15, 2025 (Dkt. No. 10). Plaintiff did not file a reply.

## II.   LEGAL STANDARD

### A.   Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if and only if the ALJ's decision was based on legal error or not supported by substantial evidence in the record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020); *see also Havens v. Kijakazi*, No. 21-35022, 2022 WL 2115109, at *1 (9th Cir. June 13, 2022) (applying the standard and reversing ALJ's decision). The ALJ is responsible for evaluating evidence, in part by resolving conflicts in medical testimony and other contradictions and ambiguities in the record. *See Ford*, 950 F.3d at 1149 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Where evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *See id.* at 1154. The Court "must consider the entire record as a whole" and may not affirm the ALJ's decision "simply by isolating a 'specific

quantum of supporting evidence.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)).

Finally, this Court "may not reverse an ALJ's decision on account of a harmless error." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1520c(c)(2)). "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination'"; however, where an ALJ did not consider certain competent evidence at all, a reviewing court "cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). In *Marsh*, even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Marsh*, 792 F.3d at 1173 (citing 20 C.F.R. § 404.1527(d)(1)–(3)).

**B.    The "Disabled" Determination**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also Ford*, 950 F.3d at 1148.

To determine whether a claimant is disabled within the meaning of the Social Security Act (and eligible for benefits), an ALJ follows a five-step sequential evaluation pursuant to 20 C.F.R. § 404.1520(a):

(1)    the claimant must not be engaged in "substantial gainful activity";

(2) the claimant's impairment or combination of impairments must be severe enough to significantly limit their "physical or mental ability to do basic work activities";

(3) the ALJ considers whether the claimant's impairment or combination of impairments meet or equal the criteria of an impairment in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526). The evaluation terminates in the claimant's favor if the ALJ finds the claimant's impairments meet or equal the criteria for one of the listed impairments, which are considered "severe enough to prevent an individual from doing any gainful activity";

(4) if the impairments do not meet or equal an impairment listed in the regulations, the claimant's "residual functional capacity" ("RFC") is determined by the ALJ, and the claimant must then demonstrate that they cannot perform their "past relevant work" and

(5) the claimant must not be able to make an adjustment to other work.

*See Ford*, 950 F.3d at 1148–49. If the claimant fails to make the required showing at any step, the ALJ's inquiry ends, and the claimant is found to not have a disability under the Social Security Act. The burden of proof is on the claimant at steps one through four, but at the fifth step, the burden shifts to the agency to prove that "the claimant can perform a significant number of other jobs in the national economy." *Id.* at 1149 (citation omitted).

### III. DISCUSSION

"In determining the ultimate issue of disability, claimant bears the burden of proving she is disabled." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995) (citing *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990)). In order to do so, a claimant "must produce complete and detailed objective medical reports of her condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)–(b), 404.1513(d)). Here, Plaintiff essentially claims that she did not have an opportunity to produce complete medical reports and asserts "the ALJ did not allow for the entry of medical evidence to determine the Plaintiff's RFC." Dkt. No. 8 at 2.

It is not entirely clear whether Plaintiff is alleging that the ALJ erred by failing to develop the record, which would entitle her to remand under the fourth sentence of 42 U.S.C. § 405(g), or

ORDER ON SOCIAL SECURITY APPEAL - 5

seeking remand for the consideration of new evidence pursuant to sentence six of Section 405(g). *See Miller v. Astrue*, 780 F. Supp. 2d 1125, 1133 (D. Or. 2011) (remanding under sentence four for failure to develop the record); *Woodsum v. Astrue*, 711 F. Supp. 2d 1239, 1250 (W.D. Wash. 2010) (citing *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001)) (applying sentence six standard to remand for consideration of new evidence). "A remand under sentence four is 'essentially a determination that the agency erred in some respect in reaching a decision to deny benefits.' *Id.* A remand under sentence six, however, 'may be ordered . . . where new, material evidence is adduced that was for good cause not presented before the agency.'" *Id.* at 1251 n.6 (quoting *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002)).

A.   **Failure to Develop the Record**

An ALJ ruling on a social security claim "has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)); *see also Alderson v. Saul*, 859 F. App'x 25, 27 (9th Cir. 2021) (mem.) (citing *Tonapetyan* in support of remand where ALJ did not adequately develop the record). However, an ALJ's duty to further develop a record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes*, 276 F.3d at 459–60.

Here, Plaintiff does not argue that the evidence before the ALJ was ambiguous; rather, Plaintiff seeks remand solely "to properly evaluate the full medical record" (Dkt. No. 8 at 3), which the Court will construe as an argument that the record was inadequate.

An ALJ may discharge their duty to develop the record in several ways, including: "subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of

the record." *Tonapetyan*, 242 F.3d at 1150 (citing *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998)). Here, the ALJ's duty to fully and fairly develop the record was fulfilled by keeping the record open after the hearing so that Plaintiff could supplement the record with additional medical evidence. Plaintiff argues that the ALJ "left the record open for *only* 30 days following the hearing," but this argument is misleading. At the hearing attended by Plaintiff's counsel, the ALJ asked counsel how much time he would need to complete the record. Dkt. No. 6-2 at 57. Plaintiff's counsel stated: "Your Honor, since I, again, have only just recently seen the file, we should have a little bit more than typical. *If we could have 30 days*." *Id.* (emphasis added). It is Plaintiff's counsel who requested 30 days to complete the record—and Plaintiff offers no explanation for why that 30-day period *that she herself proposed* was insufficient to obtain and provide the new evidence to the ALJ. Therefore, the Court cannot find that the ALJ failed to develop the record.

### B. Consideration of New Evidence

Where a claimant seeks remand to the ALJ for consideration of new evidence, as Plaintiff seeks to do here, "the court examines both whether the new evidence is material to a disability determination *and* whether a claimant has shown good cause for having failed to present the new evidence to the ALJ earlier." *Mayes*, 276 F.3d at 462 (emphasis added).

As to the first element of this inquiry, Plaintiff fails to meet her burden because she has failed to provide any specific evidence not considered by the ALJ that would bear "directly and substantially on the matter in dispute." *Mayes*, 276 F.3d at 462 (quoting *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir. 1982)). Plaintiff bears the burden of demonstrating that there is a "reasonable possibility" that the evidence she seeks the ALJ to consider would have changed the outcome of the administrative hearing. *Id.* (citing *Booz v. Sec. of Health & Hum. Servs.*, 734 F.2d 1378, 1380–81 (9th Cir. 1983)). Plaintiff argues that the ALJ's decision was based on a file that

was "substantially out of date, not having been updated since September 2023 and with no records at all from her gastroenterologist, and no updates from her rheumatologist, her mental health counselor or her primary care provider for approximately 5 months by the date of the hearing and 8 months by the date of the ALJ decision." Dkt. No. 8 at 3. But Plaintiff does not indicate what any updated records would have shown, and does not even attempt to *argue*—let alone demonstrate a "reasonable possibility"—that this evidence would have changed the outcome of the hearing.

In *Mayes*, for example, the Ninth Circuit determined that the plaintiff had failed to show that new evidence of herniated discs was material because "while Mayes' past medical history indicated that she had some back problems, none of the disabilities Mayes claimed before the ALJ was a back problem." 276 F.3d at 462. Here, Plaintiff does not make *any* argument as to the ALJ's determinations regarding the opinions of her gastroenterologist, rheumatologist, mental health counselor, or primary care provider, nor does she articulate how any of the evidence she now suggests should be considered would have impacted those determinations.[3] Accordingly, Plaintiff has failed to establish that any new evidence is material.

Regarding the second element—good cause for having failed to present the new evidence to the ALJ earlier—Plaintiff again fails to meet her burden. Plaintiff contends that the ALJ "did not allow for the entry of medical evidence to determine Plaintiff's RFC." Dkt. No. 8 at 2 (cleaned up). She argues that her attorney was only retained in December 2023, and that by January 30, 2024, a week prior to her hearing, the Office of Hearings Operations ("OHO") had not provided Plaintiff's counsel with access to her electronic file. *Id.* "As a result, updated records could not be requested in time for the upcoming hearing and the Plaintiff's attorney

---

[3] The ALJ's decision does not appear to have relied on any gastrointestinal disorders, although it did consider the opinions of Plaintiff's rheumatologist and mental health consultative examiners. *See* Dkt. No. 6-2 at 24–34.

ORDER ON SOCIAL SECURITY APPEAL - 8

wrote to the ALJ asking for a continuance as the file could not be updated in time for the scheduled hearing." *Id.* "The ALJ refused to grant the requested continuance and left the record open for only 30 days following the hearing to receive additional records, and the records were not received by the Plaintiff's counsel within the time allotted, which was the reason a continuance was requested." *Id.* at 3.

But Plaintiff's counsel first appeared in this case on December 1, 2023 (Dkt. No. 6-4 at 81 (Notice of Appearance of Representative)), and Plaintiff fails to detail any efforts made to obtain access to Plaintiff's record either before or after January 30, 2024, or to notify the ALJ of any missing records sufficiently in advance of the scheduled hearing to permit a continuance (*see generally* Dkt. No. 8). Plaintiff additionally failed to provide the ALJ with additional records during the 30-day period after her hearing, when the ALJ left the record open so as to permit Plaintiff to submit additional medical records. *See* Dkt. No. 6-2 at 57. Further, it does not appear that Plaintiff provided the Appeals Council with any additional records, even though the Appeals Council "will consider additional evidence that is new, material, and relates to the period on or before the date of the hearing decision." Dkt. No. 6-2 at 10; *see also id.* at 6 (receipt of additional evidence consisting of "Request for review of hearing decision" and "Representative brief"). Without any explanation for the inability to provide the ALJ or Appeals Council with additional medical records, the Court cannot find that Plaintiff has established good cause for failing to present the new evidence to the ALJ.

\*   \*   \*

Based upon the briefing submitted, the Court cannot find that the ALJ committed any error, nor that there is any new, material evidence that the Commissioner must consider. The Court therefore has no choice but to deny the relief Plaintiff seeks.

## IV. CONCLUSION

Accordingly, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 6th day of June 2025.

Tana Lin
United States District Judge